UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ROBERT SIMS,

                              Plaintiff           DECISION AND ORDER

-vs-

                                                    05-CV-6122 CJS

CALVIN E. WEST, et al.,

                              Defendants

_____

INTRODUCTION

By Decision and Order [#25] filed on September 12, 2005, the Court vacated a Clerk's Entry of Default against defendant Stephen Wenderlich ("Wenderlich"). Now before the Court is a motion [#47] by plaintiff seeking reconsideration of that Decision and Order. For the reasons that follow, the application is denied.

BACKGROUND

After Wenderlich failed to timely answer the summons and complaint in this action, the Clerk of the Court entered default against him. Subsequently, Wenderlich moved to have the default set aside, asserting, in relevant part, that the default was not willful. In that regard, Wenderlich stated in an affidavit that he had never been sued before, and therefore was not aware of the necessity of requesting that the New York State Attorney General provide him a defense. As the Court stated in its prior Decision and Order:

> [T]he United States Marshal for the Western District of New York served
> Wenderlich with a summons and complaint by mail on or about June 24,
> 2005. Wenderlich subsequently signed an acknowledgment of service
> and returned it to the U.S. Marshal. However, Wenderlich, who has never

1

been a defendant in a lawsuit before, claims that he did not realize that he was required to request that the New York State Attorney General defend him in this action. Rather, according to Wenderlich, he "erroneously assumed that the New York State Attorney General's office would automatically represent [him]." Apparently, Wenderlich only learned of the necessity of requesting such representation after plaintiff filed his motion for default judgment.

In the motion now before the Court, plaintiff suggests that Wenderlich lied about never having been sued previously. Specifically, plaintiff contends that Wenderlich was sued by an inmate named Conceptualization Gibbs, 97A4719 ("Gibbs"), in a case filed in this Court in 2003. (See, Pl. Affirmation ¶ 9)

## ANALYSIS

The Court disagrees. The Court has conducted a computer search of cases filed in this district by Mr. Gibbs. Although Gibbs has filed several cases, Wenderlich is not listed as a defendant in any of them. Moreover, while Wenderlich was named as a defendant in certain other lawsuits which pre-date this one, those actions were dismissed prior to Wenderlich ever being served with process. Accordingly there does not appear to be any factual basis to plaintiff's motion.

## CONCLUSION

Plaintiff's motion [#47] is denied.

So Ordered.

Dated:   Rochester, New York
         March 28, 2006

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge